UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

VINCENT RAGONE,                                     Civil Action No.: 13 CV 04604
                                                    (KPF)(KNF)
                                    Plaintiff,

        -against-                                   **ANSWER**

AETNA LIFE INSURANCE COMPANY,
                                                    DOCUMENT
                                    Defendant.      ELECTRONICALLY FILED

---------------------------------------------------------------X


        Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna"), by and

through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated July 1,

2013, respectfully sets forth the following upon information and belief:

        FIRST:        The allegations in paragraph "1" of plaintiff's complaint relate to questions of

law to which no response is required.  To the extent a response is required, defendant admits plaintiff's

claims arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. § 1001, et seq.


        SECOND:       Admits the truth of each and every allegation contained in paragraph "2" of the

plaintiff's Complaint.


        THIRD:        Denies each and every allegation contained in paragraph "3" of the plaintiff's

Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits

that venue is proper in this district.

FOURTH:      Denies each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff was a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Group Life and Accident and Health Insurance Plan for Employees of Tradition (North America) Inc. (the "Plan").

FIFTH:      Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged  and respectfully refers all questions of law to the Honorable Court, except admits that at all relevant times, plaintiff was a participant in the Plan.

SIXTH:      Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged  and respectfully refers all questions of law to the Honorable Court, except admits that the Plan is an "employee welfare benefit plans," within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

SEVENTH:    Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna acted as the claim administrator for the Plan and that it acted as a fiduciary only when and to the extent that it rendered discretionary determinations under the Plan.

EIGHTH:        Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Aetna acted as the claim administrator for the Plan and that it acted as a fiduciary only when and to the extent that it rendered discretionary determinations for the Plan.

NINTH:        Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits benefits under the Plan are funded pursuant to Group Policy No. GP-818699.

TENTH:          Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH:          Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits plaintiff was eligible to participate in and was provided with LTD insurance coverage under the Plan.

TWELFTH:    Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

THIRTEENTH:          Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

FOURTEENTH:          Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTEENTH: Admits the truth of each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH:          Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTEENTH:      Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTEENTH:      Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NINETEENTH:      Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH:      Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST:      Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by

Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-THIRD:   Admits the truth of each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph "24," including footnote 1, of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the complete Plan document for all of its terms, conditions, limitations and exclusions, except admits plaintiff accurately quotes from a portion of the Plan's definition of disability.

TWENTY-FIFTH:   Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Aetna paid plaintiff LTD benefits from February 15, 2008 through August 1, 2012 based on its determination that his submissions satisfied the Plan's "own occupation" disability definition.

TWENTY-SIXTH:   Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by

NY/1272364v1

Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH:      Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH:    Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-NINTH:    Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTIETH:  Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIRST:      Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and

6

circumstances recorded therein, except admits that pursuant to Plan terms, plaintiff was requested to attend an Independent Medical Examination.

THIRTY-SECOND:   Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-THIRD:   Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FOURTH:   Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIFTH:   Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SIXTH:   Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and

NY/1272364v1

respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH: Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-EIGHTH:   Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-NINTH:      Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTIETH:   Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NY/1272364v1

FORTY-FIRST:      Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SECOND:      Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD:      Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that LTD benefits were terminated after Aetna determined that plaintiff's submissions no longer satisfied the Plan's disability definition.

FORTY-FOURTH:      Denies each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated August 2, 2012, Chanavia Brown, Senior LTD Claim Analyst, informed plaintiff of Aetna's initial adverse benefit determination.

FORTY-FIFTH:      Denies each and every allegation contained in paragraph "45," including footnotes 2 and 3, of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SIXTH:        Denies each and every allegation contained in paragraph "46" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SEVENTH:  Denies each and every allegation contained in paragraph "47" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated September 10, 2012, Pristine Laroza, Claim Analyst, informed plaintiff of Aetna's decision to terminate Waiver of Life Insurance Premium Benefits under the Plan.

FORTY-EIGHTH:     Denies each and every allegation contained in paragraph "48" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated January 29, 2013, plaintiff appealed Aetna's initial adverse benefit determination concerning his LTD benefit claim and his life insurance premium waiver benefit claim.

FORTY-NINTH:        Denies each and every allegation contained in paragraph "49" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NY/1272364v1

FIFTIETH:     Denies each and every allegation contained in paragraph "50" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FIRST:     Denies each and every allegation contained in paragraph "51" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SECOND:     Denies each and every allegation contained in paragraph "52" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-THIRD:     Denies each and every allegation contained in paragraph "53" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FOURTH:     Denies each and every allegation contained in paragraph "54" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by

Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FIFTH:      Denies each and every allegation contained in paragraph "55" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SIXTH:      Denies each and every allegation contained in paragraph "56" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-SEVENTH:    Denies each and every allegation contained in paragraph "57" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that Dr. Ira Feldman was retained to perform an independent medical record peer review of plaintiff's medical records.

FIFTY-EIGHTH:     Denies each and every allegation contained in paragraph "58" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTY-NINTH:      Denies each and every allegation contained in paragraph "59" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and

NY/1272364v1

circumstances recorded therein, except admits that Dr. Ira Feldman provided his opinion following his detailed review of all medical records and other relevant materials concerning plaintiff's functional capacity, which included his opinion that plaintiff was functionally able to perform sedentary work.

SIXTIETH:   Denies each and every allegation contained in paragraph "60" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FIRST:   Denies each and every allegation contained in paragraph "61" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-SECOND:   Denies each and every allegation contained in paragraph "62" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-THIRD:   Denies each and every allegation contained in paragraph "63" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FOURTH:     Denies each and every allegation contained in paragraph "64" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FIFTH:     Denies each and every allegation contained in paragraph "65" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-SIXTH:     Denies each and every allegation contained in paragraph "66" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated April 30, 2013, Lina Camacho, Senior Appeal Specialist, informed plaintiff that Aetna had upheld its initial adverse benefit determination on his LTD benefit claim and that prior to issuance of this letter, Aetna informed plaintiff of this decision by phone.

SIXTY-SEVENTH:   Denies each and every allegation contained in paragraph "67" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NY/1272364v1

SIXTY-EIGHTH:      Denies each and every allegation contained in paragraph "68" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated May 20, 2013, Heather N. Frangione, Life Claim Consultant, informed plaintiff that Aetna had upheld its initial determination to discontinue his disability waiver of life insurance premium benefit under the Plan because he no longer qualified for those benefits.

SIXTY-NINTH:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "69" of the complaint.

SEVENTIETH:      Denies each and every allegation contained in paragraph "70" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SEVENTY-FIRST:    Denies each and every allegation contained in paragraph "71" of the plaintiff's Complaint.

SEVENTY-SECOND:      Admits the truth of each and every allegation contained in paragraph "72" of the plaintiff's Complaint.

## COUNT 1

SEVENTY-THIRD:   In response to paragraph "73" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "72" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTY-FOURTH:      Denies each and every allegation contained in paragraph "74" of the plaintiff's Complaint.

NY/1272364v1

SEVENTY-FIFTH:   Denies each and every allegation contained in paragraph "75" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan document for its terms, conditions, limitations and exclusions.

SEVENTY-SIXTH:   Denies each and every allegation contained in paragraph "76" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Aetna has not paid plaintiff LTD benefits as of August 2, 2012 because he failed to submit proof substantiating his claimed disability under the Plan as of that date.

SEVENTY-SEVENTH:        Denies each and every allegation contained in paragraph "77" of the plaintiff's Complaint.

SEVENTY-EIGHTH:        Denies each and every allegation contained in paragraph "78" of the plaintiff's Complaint.

SEVENTY-NINTH:  Denies each and every allegation contained in paragraph "79" of the plaintiff's Complaint.

EIGHTIETH: .      Denies each and every allegation contained in paragraph "80" of the plaintiff's Complaint.

EIGHTY-FIRST:   Denies each and every allegation contained in paragraph "81" of the plaintiff's Complaint including subparts "a" through "1" thereof.

EIGHTY-SECOND:  Denies each and every allegation contained in paragraph "82" of the plaintiff's Complaint.

EIGHTY-THIRD:   Denies each and every allegation contained in paragraph "83" of the plaintiff's Complaint.

EIGHTY-FOURTH:  Denies each and every allegation contained in paragraph "84" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

NY/1272364v1

EIGHTY-FIFTH:       Denies each and every allegation contained in paragraph "85" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

EIGHTY-SIXTH:       Denies each and every allegation contained in paragraph "86" of the plaintiff's Complaint.

EIGHTY-SEVENTH:       Denies each and every allegation contained in paragraph "87" of the plaintiff's Complaint.

EIGHTY-EIGHTH:   Denies each and every allegation contained in paragraph "88" of the plaintiff's Complaint.

## COUNT II

EIGHTY-NINTH:       In response to paragraph "89" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "88" inclusive, with the same force and effect as if more fully set forth at length herein.

NINETIETH: Denies each and every allegation contained in paragraph "90" of the plaintiff's Complaint.

NINETY-FIRST:       Denies each and every allegation contained in paragraph "91" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the complete Plan document for its terms, conditions, limitations and exclusions.

NINETY-SECOND:   Denies each and every allegation contained in paragraph "92" of the plaintiff's Complaint.

NINETY-THIRD:       Denies each and every allegation contained in paragraph "93" of the plaintiff's Complaint.

NINETY-FOURTH:   Denies each and every allegation contained in paragraph "94" of the plaintiff's Complaint.

NY/1272364v1

NINETY-FIFTH:       Denies each and every allegation contained in paragraph "95" of the plaintiff's Complaint.

NINETY-SIXTH:       Denies each and every allegation contained in paragraph "96" of the plaintiff's Complaint.

NINETY-SEVENTH:       Denies each and every allegation contained in paragraph "97" of the plaintiff's Complaint.

## COUNT III

NINETY-EIGHTH:   In response to paragraph "98" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "97" inclusive, with the same force and effect as if more fully set forth at length herein.

NINETY-NINTH:       Denies each and every allegation contained in paragraph "99" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ONE HUNDREDTH:       This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ONE HUNDRED FIRST:     The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ONE HUNDRED SECOND:       Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

NY/1272364v1

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRD:     All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ONE HUNDRED FOURTH:     Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ONE HUNDRED FIFTH:     Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED SIXTH:     Defendant Aetna, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

ONE HUNDRED SEVENTH:     The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

ONE HUNDRED EIGHTH: Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

19

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

ONE HUNDRED NINTH:  To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TENTH:  To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive benefits, his monthly benefit under the Plan must be reduced by any "other income" benefits he was eligible to receive.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

ONE HUNDRED ELEVENTH:      Any findings by the SSA with respect to plaintiff's claim for SSDI benefits are neither determinative nor binding with respect to Aetna's evaluation of the plaintiff's claim for LTD benefits under the applicable Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWELFTH:      To the extent necessary, Aetna denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendant Aetna prays:

1.      That the action be dismissed, or that judgment be entered in favor of defendant Aetna and against plaintiff;

2.      That defendant Aetna, be awarded costs of suit incurred herein;

3.      That defendant Aetna, be awarded reasonable attorney's fees; and

4.      That defendant Aetna, be awarded such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 29, 2013

                                        Respectfully submitted,

                                        ___s/_____
                                        Michael H. Bernstein (MB 0579)
                                        SEDGWICK, LLP
                                        *Attorneys for Defendant*
                                        225 Liberty Street, 28th Floor
                                        New York, New York 10281
                                        Telephone:  (212) 422-0202
                                        Facsimile:  (212) 422-0925

To:
Scott M. Riemer (SR5005)
RIEMER & ASSOCIATES LLC
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
Email: sriemer@riemerlawfirm.com

21

## <u>CERTIFICATE OF SERVICE</u>

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the

attached **ANSWER** was served via ECF and regular mail on August 29, 2013, upon the following:

Scott M. Riemer (SR5005)

RIEMER & ASSOCIATES LLC

60 East 42nd Street, Suite 1750

New York, New York 10165

Telephone: (212) 297-0700

Email: sriemer@riemerlawfirm.com

_____s/_____

Michael H. Bernstein (MB 0579)

Dated:   New York, New York
         August 29, 2013

NY/1272364v122