September 19, 2013

**VIA EMAIL**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  09/20/2013
```

Hon. Katherine P. Failla
United States District Court
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   Ragone v. Aetna Life Insurance Company
13 CV 4604 (KPF)

Dear Judge Failla:

We are counsel to plaintiff in the above-referenced action.  We submit this joint letter and the enclosed Civil Case Management Plan and Scheduling Order ("Proposed Scheduling Order") on behalf of both parties in accordance with the Notice of Initial Pretrial Conference, entered on July 16, 2013.  The Initial Pretrial Conference is scheduled for September 24, 2013 at 2:30 p.m.

(1) <u>NATURE OF THE ACTION</u>

This is an action for long term disability ("LTD") benefits under a plan subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*

*Plaintiff's Claim*

Plaintiff was employed as a government bond broker working at Tradition (North America) Inc. ("Tradition") for approximately nine years.  As an employee of Tradition, he was a participant in the Tradition (North America) Inc. Long Term disability Group Policy (the "LTD Plan").  His career came to a halt due to Class III coronary artery disease after his efforts to return to work.  He subsequently applied for LTD benefits, which Aetna approved after determining that he was totally disabled based on the substantial evidence already in the claim file.  After paying LTD benefits for approximately four years, however, Aetna wrongfully terminated his benefits.  Aetna's determination to terminate benefits was arbitrary and capricious in light of the substantial evidence demonstrating that Mr. Ragone remained totally disabled from his occupation as a result of Class III Coronary Artery Disease.

*Defendant's Defense*

Aetna's adverse benefit determination in this matter was based on full and fair review of the Ragone's claim, and was therefore not arbitrary and capricious.  The Plan clearly contains a full grant of discretionary authority to Aetna authorizing it to make all eligibility and benefit claim determinations under the Plan.  Therefore, Aetna's decision to deny the plaintiff's claim for continuing LTD benefits

may only be overturned if it is arbitrary and capricious. *See Kinstler* v. *First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999); *see also Wedge* v. *Shawmut Design and Const. Group Long Term Disability Ins. Plan, No.12-cv-5645(KPF),* 2013 WL 4860157, 4-5 (S.D.N.Y. Sept. 10, 2013).'"Substantial evidence' is 'such evidence that a reasonable mind must accept as adequate to support the conclusion reached by the [decision-maker and] requires more than a scintilla of evidence but less than a preponderance.'" *Miller v. United Welfare Fund,* 72 F.3d 1066, 1072 (2d Cir. 1995); *see also Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 *aff'd* 391 Fed.Appx. 74 (2d Cir. 2010). Moreover, where both the claims administrator and claimant "offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control." *Pulvers* v. *First Unum Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009). In addition, Aetna sent Ragone's medical records for review by two independent medical record peer review physician consultants (one at the initial review stage and one at the appeal review stage) and also referred Ragone for a Independent Medical Examination prior to issuing its final benefit determination. Those independent physicians issued reports which included their medical opinions supporting Aetna's final adverse determination. Accordingly, Aetna's determination was based on substantial evidence and not arbitrary and capricious and should not be disturbed.

### *Major Legal and Factual Issues*

The major legal and factual issues pertain to the following subjects: (1) whether or not the LTD Plan grants Aetna discretionary authority; (2) the contents of the "administrative record;" (3) the scope of permissible discovery; (4) whether or not Aetna's medical consultants are qualified, biased, or have a conflict of interest; (5) whether or not Aetna's claim determination was arbitrary and capricious; (6) whether or not Aetna provided plaintiff with a full and fair review; (7) whether or not Aetna was influenced by its conflict of interest; and (8) whether or not plaintiff or defendant is entitled to attorneys' fees pursuant to Section 502(g)(1), costs, and prejudgment interest.

### (2) JURISDICTION AND VENUE

The Parties agree that this Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), 29 U.S.C. §1132(f), and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties. The parties additionally agree that venue is proper in this district.

### (3) DEADLINES

The parties conferred on September 12, 2013 regarding the deadlines in this action, as detailed in the Proposed Scheduling Order. These deadlines are subject to the Court's approval.

### (4) OUTSTANDING MOTIONS

None.

### (5) DISCOVERY

Plaintiff will serve his discovery demands on defendant by October 7, 2013.

Defendant provided plaintiff with a courtesy copy of the complete Plan documents on September 13, 2013 in this matter in response to plaintiff's counsel's arguments regarding the appropriate standard of review in this case. Based on the discretionary language in those documents, defendant believes that plaintiff's counsel should withdraw his argument regarding the appropriate standard of review in this case. Defendant will provide plaintiff with the administrative record along with its Rule 26 disclosures by the aforementioned date.

(6) STATUS OF SETTLEMENT

Plaintiff provided defendant with his settlement demand on September 13, 2013. The parties have conferred and agreed to a settlement conference before a Magistrate Judge no later than thirty (30) days prior to the end of fact discovery.

(7) OTHER ISSUES

None.

Thank you for your consideration of this matter.

Respectfully yours,

Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700

Michael H. Bernstein (MB 0579)
SEDGEWICK LLP
Attorneys for Defendant
225 Liberty Street, 28th Floor
New York, New York 10281
(212) 422-0202