RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York  10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VINCENT RAGONE,                                          13 CV 04604(KPF)(KNF)

                                        Plaintiff,               AFFIRMATION OF
                                                                <u>SCOTT M. RIEMER</u>

            -against-
                                                                ECF Case

AETNA LIFE INSURANCE COMPANY,

                                        Defendant.
-----------------------------------------------------------------X

   SCOTT M. RIEMER, an attorney duly admitted to practice in the Courts of this States, does

hereby affirm to be true under the penalties of perjury as follows:

   1.  I am counsel for plaintiff Vincent Ragone in the above-referenced action.  I submit

this affirmation in support of plaintiff's motion to determine standard of review, dated December 4,

2013.

   2.  **Exhibit 1** is a true a correct copy of excerpts from the post-denial claim file

provided by defendant Aetna Life Insurance Company ("Aetna") to plaintiff on June 17, 2013 in

response to his request for a copy of the post-denial claim file, including a complete copy of the

Tradition (North America) Inc. Long-Term Disability (LTD) Plan.

   3.  Aetna provided plaintiff with the Tradition LTD Certificate of Coverage

("Certificate"), which Aetna represented as the LTD Plan.  Notably, the Certificate does not contain

language granting discretionary authority to Aetna.

   4.  **Exhibit 2** is a true and correct copy of the letter from plaintiff to Aetna, dated May

6, 2013, requesting a copy of the post-denial claim file, including a complete copy of the LTD Plan.

Aetna provided a copy of the Certificate, which Aetna represented as the LTD Plan document, as detailed *supra*.

5.      **Exhibit 3** is a true and correct copy of the correspondences exchanged between the undersigned counsel and counsel for Aetna between September 2013 through October 2013 regarding the Tradition Group Life and Accident and Health Insurance Policy ("Group Policy"),[1] which Aetna asserted to be the Plan document only after this litigation was commenced.

6.      On September 13, 2013, counsel for Aetna provided the undersigned with a copy of the Group Policy representing that it was the "plan document."   (Ex. 3, p. 1).   But, the copy provided was incomplete.

7.      On October 1, 2013, counsel for Aetna advised that his client had not yet provided him with a complete copy of the Group Policy.  (Ex. 3, p. 3).

8.      On October 10, 2013, counsel for Aetna provided the undersigned with the Group Policy in response to his request for a complete copy.  (Ex. 3, p. 4).

9.      The Group Policy provided, however, was again incomplete.   The undersigned informed counsel for Aetna that the "application" was missing, which is part of the Group Policy. (Id.).

10.      **Exhibit 4** is a true a correct copy of the joint letter to the Court, dated November 1, 2013, informing the Court of their intent to brief the standard of review.

11.      **Exhibit 5** is a true and correct copy of the policies of other insurers (e.g., CIGNA Life Insurance Company of New York, Hartford Life Insurance Company, UNUM Life Insurance Company of America) that have utilized "clear" and "unambiguous" control language to establish that the group policy is the plan document.

---

[1] It is anticipated that Aetna will be submitting the Group Policy (RAGONE 000001-154) as an Exhibit to its cross-motion to determine the standard of review.

| Insurer | Control Language | Page |
|---------|------------------|------|
| CIGNA Life Insurance Company of New York | "The Policy has been issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").  This Policy is a Plan document within the meaning of ERISA." | 19 |
| Hartford Life Insurance Company | "The benefits described in your booklet-certificate (Booklet) are provided under a group insurance policy (Policy) issued by the Hartford Life Insurance Company (Insurance Company) and are subject to the Policy's terms and conditions.  The Policy is incorporated into, and forms a part of, the Plan.  The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy.  The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." | 71 |
| UNUM Life Insurance Company of America | "The summary plan description and the policy constitute the Plan.  Benefit determinations are controlled exclusively by the policy, your certificate of coverage and the information contained in this document." | 107 |

12.     **Exhibit 6** is a true and correct copy of the letter from the undersigned to Aetna, dated November 9, 2012, requesting Aetna to provide a copy of the post-denial claim file with respect to the discontinuation of his Waiver of Premium benefits, including a copy of the Tradition Life Insurance Plan ("Life Insurance Plan").  (Ex. 6).

13.     **Exhibit 7** is a true and correct copy of excerpts from the post-denial claim file with respect to plaintiff's Waiver of Premium benefits.  (Ex. 7).

14.     On November, 21, 2012, Aetna provided plaintiff with the post-denial claim file, in response to his request for the post-denial claim file, including the Life Insurance Plan.   In doing so, Aetna provided the Life Insurance Plan Certificate of Coverage ("Life Insurance Certificate"), as opposed to the Group Policy.  (Ex. 7, pp. 2-40).  This is important because Aetna's own action further supports that the Group Policy is not the Plan document.

WHEREFORE, this Court should declare the appropriate standard of review in this action as *de novo*.

3

Dated:  New York, New York
          December 4, 2013

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
 New York, New York  10165
(212) 297-0700
sriemer@riemerlawfirm.com


By:/s/Scott M. Riemer
      Scott M. Riemer (SR5005)


TO:

Michael H. Bernstein, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorneys for Defendants*

4

CERTIFICATE OF SERVICE

I certify that on December 4, 2013, I served a true and complete copy of the foregoing AFFIRMATION OF SCOTT M. RIEMER by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michael H. Bernstein, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, New York 10004-2400
michael.bernstein@sedgwicklaw.com
*Attorneys for Defendants*

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on December 4, 2013.

Dated:  New York, New York
        December 4, 2013

                                    /s/ Scott M. Riemer
                                    Scott M. Riemer (SR 5005)
                                    RIEMER & ASSOCIATES, LLC
                                    60 East 42nd Street, Suite 1750
                                    New York, New York 10165
                                    (212) 297-0700
                                    sriemer@riemerlawfirm.com