

| | |
|---|---|
| **RIEMER** | 60 east 42nd street  suite 1750 |
| **& ASSOCIATES** LLC | new york, new york 10165 |
| ATTORNEYS AT LAW | t: 212.297.0700  f: 212.297.0730 |
| | info@riemerlawfirm.com  www.riemerlawfirm.com |

May 6, 2013

**VIA TELEFAX AND POST**
Ms. Lina M. Camacho
AETNA Life Insurance Company
P.O. BOX 14578
Lexington, KY 40512-4578

Re: Ragone, Vincent
    Disability Claim Case No. 5966606

Dear Ms. Camacho:

We are the attorneys for Mr. Ragone. Proper authorizations authorizing me to request documents on his behalf are already on file.

Please be advised that Mr. Ragone intends to seek review of AETNA Insurance Company of America's ("AETNA") April 30, 2013, denial of long term disability benefits under the above-referenced policy. However, before Mr. Ragone could adequately present his case and obtain a full and fair review, he must have an opportunity to review the documents relied upon by AETNA in denying his Appeal. Accordingly, pursuant to Section 104(b) of ERISA and 29 C.F.R. 2560.503-1(h)(2)(iii), I request copies of the following documents (**in order to save paper please send all requested documents in the form of an Adobe PDF**):

(1) A copy of: (i) the Policy and any riders or schedules thereto; and (ii) the contract for long term disability coverage between you and Mr. Ragone's employer;

(2) A copy of the summary plan description of the plan;

(3) All documents:

(i) relied on in making the benefit determination, including without limitation, all reports, notes, records, test results, correspondence and curriculum vitae of any independent medical examiner/reviewer, functional capacity evaluator, transferable skills expert, and/or vocational expert. See 29 C.F.R. 2560.503-1(h)(2)(iii) and 29 C.F.R. 2560.503-1(m)(8)(i);

**PL. EXHIBIT 2**

(ii) submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. See 29 C.F.R. 2560.503-1(h)(2)(iii) and 29 C.F.R. 2560.503-1(m)(8)(ii);

(iii) that demonstrate compliance with administrative processes and safeguards designed to ensure and to verify that benefit claims determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants. See 29 C.F.R. 2560.503-1(h)(2)(iii); 29 C.F.R. 2560.503-1(m)(8)(iii) and 29 C.F.R. 2560.503-1(b)(5); or

(iv) that constitute a statement of policy or guidance with respect to the plan concerning the denied benefit, without regard to whether such advice or statement was relied upon in making the benefit determination. See 29 C.F.R. 2560.503-1(h)(2)(iii); 29 C.F.R. 2560.503-1(m)(8)(iv); and 29 C.F.R. 2560.503-1(g)(1)(v)(A).

(4)     All notes of telephone conversations with Mr. Ragone or any treating physician. Mr. Ragone would like to have the opportunity to correct any inaccuracies or otherwise respond.

(5)     All video and audio tapes of Mr. Ragone, and the reports and notes of all investigators.

(6)     Please provide: (i) the name of the employee benefit plan; (ii) the name and address of the Plan Administrator; and (iii) the name and address of the registered agent for service of process for both the plan and the Plan Administrator.

(7)     Please state whether the funds for any potential benefits paid under this plan will be paid by the insurance company, by the employer, or by some other party.

(8)     Please state the amount of monthly benefits Mr. Ragone will receive if a favorable determination is made.

(9)     A description pursuant to 29 C.F.R. 2560.503-1(g)(1)(iii) of any additional material or information necessary for Mr. Ragone to perfect his claim and an explanation of why such material or information is necessary.

(10)    A description whether an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination.

In addition to the above-requested documents and information, Ragone requests a fuller explanation of the reasons for denial. The denial letter does not adequately describe the specific reasons for denial as required by 29 C.F.R. 2560.503-1(f)(1). See, Cook v. New York

**PL. EXHIBIT 2**

<u>Times Long Term Disability Plan</u>, 2004 U.S. Dist. LEXIS 1259 (S.D.N.Y. Jan. 27, 2004). Most specifically, the denial letter does not adequately explain what specific objective evidence is missing; what specific opinion evidence is missing; what specific clinical evidence is missing; what specific evidence of fatigue and/or pain is missing. In order to assure that Mr. Ragone is provided with a full and fair review as required by ERISA 503, please specifically describe:

    a.    The specific type of objective evidence (e.g., MRI, x-ray, laboratory results, etc.) that Ragone should provide in order to adequately support his appeal;

    b.    The specific opinion evidence that Mr. Ragone should provide in order to adequately support appeal;

    c.    The specific clinical findings that Mr. Ragone should provide in order to adequately support his appeal;

    d.    The specific type of evidence that Mr. Ragone must submit to adequately support his claims of fatigue and/or pain.

In other words, given Mr. Ragone's disability and the terms of the Plan, please tell Mr. Ragone what specifically he must submit in order to demonstrate total disability under the Plan.

    You have an affirmative legal and fiduciary duty to provide the requested information. Pursuant to ERISA 502(c), 29 U.S.C. 1132(c), documents required to be disclosed under Title I of ERISA must be furnished within thirty (30) days after the request or the administrator can be held personally liable for a failure or refusal to comply with this regulation with a maximum penalty of $110 per day.

    Once I receive the above-described documents and information, I will submit written comments, arguments and/or medical documentation on behalf of Mr. Ragone.

    Please consider this letter as a preservation demand letter, asking you to preserve for potential litigation regarding this claim all "electronically stored information (ESI)" regarding this claim, my client, or the issues involved in his claim. This would include, but certainly not be limited to, information sent to others, information received from others, all internal emails or other electronic communications, and all emails or other electronic communications sent to or received from external sources. This request applies to all ESI whether in your regular system, or in any backup system whether maintained by you or maintained by others.

    Please be advised that this letter serves as your notice that any prior releases signed by my client to obtain medical records, medical information, personal information, or other information of any kind are hereby revoked to the extent that such authorizations allow you to contact any sources of information in a manner other than in writing. You may continue to use the previously signed releases or authorizations to obtain records and reports in writing, but any direct communication outside of a writing will be considered an invasion of my clients privacy.

    Please continue to address all additional correspondence and inquiries to this firm.

**PL. EXHIBIT 2**

Sincerely yours,

Serge Zenin, Esq.

cc: Vincent Ragone (via email)

**PL. EXHIBIT 2**

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/06/2013 17:48
NAME   : RIEMER & ASSOCIATES
FAX    : 2122970730
TEL    : 2122970700
SER.#  : G8J736191
```

```
DATE,TIME        05/06  17:47
FAX NO./NAME     18557331262
DURATION         00:01:29
PAGE(S)          05
RESULT           OK
MODE             STANDARD
                 ECM
```

# RIEMER & ASSOCIATES LLC

## ATTORNEYS AT LAW

### 60 EAST 42ND STREET, SUITE 1750

### NEW YORK, NEW YORK 10165

TELEPHONE: 212-297-0700

TELEFAX: 212-297-0730

---

**FACSIMILE TRANSMITTAL SHEET**

| TO: Ms. Lina Camacho | FROM: Serge Zenin, Esq. |
|---|---|
| COMPANY: AETNA | DATE: May 6, 2013 |
| FAX NUMBER: 1-855-733-1262 | TOTAL PAGES: 5 |
| PHONE NUMBER: 1-800-688-6820 | RE: Vincent Ragone |



(URGENT)    FOR REVIEW    PLEASE COMMENT    PLEASE REPLY    PLEASE RECYCLE

NOTES/COMMENTS:

Claim File Request

PL. EXHIBIT 2