

60 east 42nd street  suite 1750
new york, new york 10165
t: 212.297.0700  f: 212.297.0730
info@riemerlawfirm.com  www.riemerlawfirm.com

November 1, 2013

**VIA EMAIL**

Hon. Katherine P. Failla
United States District Court
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd. uscourts.gov

    Re:  Ragone v. Aetna Life Insurance Company
       13 CV 4604 (KPF)

Dear Judge Failla:

   We are counsel to plaintiff in the above-referenced action.  Plaintiff seeks permission to file a motion to determine the appropriate standard of review.  Plaintiff contends the appropriate standard of review is the *de novo* standard.  Defendant contends the appropriate standard of review is the arbitrary and capricious standard.  The parties propose the following briefing schedule:

    Opening Briefs:  December 4, 2013
    Responding Briefs: January 10, 2014

   <u>Plaintiff's Position</u>:  The appropriate standard of review is *de novo*.  The language providing Aetna with discretion is located in Aetna's Master Contract but not in the Certificate, which serves as the plan document of the LTD Plan.  The Master Contract is a document that applies to several plans maintained by Ragone's employer, i.e., a health plan, a life insurance plan, an LTD plan and a supplemental LTD plan.  These are each separate legal entities.  While the certificate is part of the Master Contract, the Master Contract is not part of the Certificate.

   The Master Contract is not a plan document.  This is demonstrated by the fact that it was not in the administrative record and when plaintiff requested it for purposes of this motion, Aetna had to search for it.  To date, Aetna has been unable to find the application completed by Ragone's employer, which by its terms forms part of the Master Contract.  The Master Contract is not the type of document produced to plan participants upon request or otherwise.

**PL. EXHIBIT 4**

**Defendant's Position:** The appropriate standard of review for this Court to utilize in connection with this case is the arbitrary and capricious standard. The Supreme Court has held that "a denial of benefits challenged under [ERISA] must be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co.* v. *Bruch,* 489 U.S. 101, 115 (1989); *Young* v. *Hartford Life & Acc. Ins. Co.,* 09-Civ-9811(RJH), 2011 WL 4430859, *7 (S.D.N.Y. Sept. 23, 2011) *aff'd* 506 Fed.Appx. 27 (2d Cir. 2012); *Hobson* v. *Metropolitan Life Ins. Co.,* 574 F.3d 75, 82 (2d Cir. 2009); *Wedge v. Shawmut Design and Const. Group Long Term Disability Ins. Plan,* 2013 WL 4860157,*4 (S.D.N.Y. September 10, 2013); *Mugan v. Hartford Life Group Ins. Co.,* 765 F.Supp.2d 359, 368-369 (S.D.N.Y. 2011). When a claim administrator is given discretion to determine eligibility, however, the court must review its decision with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert,* 130 S.Ct. 1640, 1646 (2010), *Young,* 2011 WL 4430859 at *7 *aff'd* 506 Fed.Appx. 27; *Hobson,* 574 F.3d at 82-83; *Pagan* v. *NYNEX Pension Plan,* 52 F.3d 438, 441 (2d Cir. 1995); *Mugan,* 765 F.Supp.2d at 368-369. Here, the Group Policy for the plaintiff's employee benefit plan states that Aetna:

> has complete authority to review all denied claims for benefits under this policy. In exercising such fiduciary responsibility, Aetna shall have discretionary authority to ...determine whether and to what extent employees and beneficiaries are entitled to benefits... and construe any disputed or doubtful terms of this policy.

Language similar to that used in plaintiff's employer's plan has been held sufficient to vest ERISA Plan claim administrators with full discretionary authority, and require the reviewing Court to employ the arbitrary and capricious review standard in its consideration of plaintiff's claims under ERISA § 502(a)(1)(B). *See Kinstler* v. *First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 251-52 (2d Cir. 1999). Nevertheless, plaintiff, citing no legal authority, argues that the aforementioned discretionary clause must appear in the Booklet-Certificate issued to participants in the LTD Plan in order for that Plan term to be enforceable. Plaintiff's argument fails to appreciate that Aetna acted as insurer and claim administrator for several parts of plaintiff's employer, Tradition (North America) Inc.'s ("Tradition") employer-sponsored employee welfare benefit plans, including Tradition's Basic Life, Supplemental Life, Accidental Death and Dismemberment, Healthcare and Disability benefit plans. The Group Policy that Aetna issued to Tradition was intended to fund all of these Plans, while the specific certificates of coverage for each specific benefit plan describe the benefits available, the rules applicable for enrolling in each plan, and the claim procedures for filing claims under each plan. The Group Policy incorporates, as part of the larger contract between Tradition and Aetna, all of the Booklet-Certificates regarding each plan offered by Tradition to its employees, as well as terms concerning premium calculation, how each plan is funded and administered, which employees are eligible to enroll as participants in which plans, how participants in those plans should file claims, what claims warrant payment of benefits, and how much money in benefits would then be due. In fact, the Policy consists of the entire contract between Aetna and Tradition and

**PL. EXHIBIT 4**

plaintiff's argument that only the information in the Booklet-Certificate for the LTD Plan forms the relevant plan document is self-serving and meritless.

Furthermore, plaintiff's argument that he is not bound by the terms of his employer's ERISA Plan beyond those terms included in the Booklet-Certificate for the LTD Plan because he did not receive a copy of the entire Policy is inconsistent with binding precedent in this Circuit. In *Thurber v. Aetna Life Insurance Company*, 712 F.3d 654, 658-659 (2d Cir. March 13, 2013), the plaintiff similarly argued that the district court's review should be *de novo* because she did not receive a copy of the Policy, which undeniably included the requisite discretionary clause, as does the Policy in this case. The Second Circuit disagreed, holding that the case was properly reviewed under the arbitrary and capricious review standard because the grant of discretion to Aetna appeared in the plan document. *Id.* The Second Circuit further held that neither the ERISA statute nor governing Department of Labor regulations require a plan participant to even receive notice of this grant of discretion to the claim fiduciary in order for it to be enforceable. *Id.*

Because the controlling Plan documents undeniably include a clear grant of discretionary authority to Aetna, this matter must be reviewed under the arbitrary and capricious standard of review.

Thank you for your consideration of this matter.

Respectfully yours,

Scott M. Riemer

cc. Michael Bernstein, Esq.

3

**PL. EXHIBIT 4**