

| | |
|---|---|
| **RIEMER** | 60 east 42nd street  suite 1750 |
| **& ASSOCIATES LLC** | new york, new york 10165 |
| ATTORNEYS AT LAW | t: 212.297.0700  f: 212.297.0730 |
| | info@riemerlawfirm.com   www.riemerlawfirm.com |

November 9, 2012

<u>**VIA FAX AND MAIL**</u>

Ms. Pristine G. Laroza
Premium Waiver Unit Claim Analyst
Aetna Life Insurance Company
P.O. Box 14548
Lexington KY  40512-4548

         Re: Vincent A. Ragone
            DOB: 07/26/1955
            Employer: Tradition (North America) Inc.
            Control No.: 0818699

Dear Pristine:

    We are the attorneys for Vincent A. Ragone. I annex copies of authorizations authorizing me to request documents on Mr. Ragone's behalf to Aetna Life Insurance Company for his long term disability benefits Appeal.

    As per our telephone conversation dated November 9, 2012, please accept this letter as our notice with intent to Appeal for his Waiver of Premium benefits through Tradition (North America) Inc. We will be submitting our appeal within 180 days of the termination. However, before Mr. Ragone could adequately present his case and obtain a full and fair review, Mr. Ragone must have an opportunity to review the documents relied upon by Aetna in denying his claim. Accordingly, pursuant to Section 104(b) of ERISA and 29 C.F.R. 2560.503-1(h)(2)(iii), I request copies of the following documents:

    (1) A copy of: (i) the Policy and any riders or schedules thereto; and (ii) the contract for long term disability coverage between you and Mr. Ragone's employer;

    (2) A copy of the summary plan description of the plan;

    (3) All documents:

      (i) relied on in making the benefit determination, <u>including without limitation</u>, all reports, notes, records, test results, correspondence and curriculum vitae of any independent medical examiner/reviewer,

**PL. EXHIBIT 6**

functional capacity evaluator, transferable skills expert, and/or vocational expert. See 29 C.F.R. 2560.503-1(h)(2)(iii) and 29 C.F.R. 2560.503-1(m)(8)(i);

(ii) submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination. See 29 C.F.R. 2560.503-1(h)(2)(iii) and 29 C.F.R. 2560.503-1(m)(8)(ii);

(iii) that demonstrate compliance with administrative processes and safeguards designed to ensure and to verify that benefit claims determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants. See 29 C.F.R. 2560.503-1(h)(2)(iii); 29 C.F.R. 2560.503-1(m)(8)(iii) and 29 C.F.R. 2560.503-1(b)(5); or

(iv) that constitute a statement of policy or guidance with respect to the plan concerning the denied benefit, without regard to whether such advice or statement was relied upon in making the benefit determination. See 29 C.F.R. 2560.503-1(h)(2)(iii); 29 C.F.R. 2560.503-1(m)(8)(iv); and 29 C.F.R. 2560.503-1(g)(1)(v)(A).

(4) All notes of telephone conversations with Mr. Ragone or any treating physician. Mr. Ragone would like to have the opportunity to correct any inaccuracies or otherwise respond.

(5) All video and audio tapes of Mr. Ragone, and the reports and notes of all investigators.

(6) Please provide: (i) the name of the employee benefit plan; (ii) the name and address of the Plan Administrator; and (iii) the name and address of the registered agent for service of process for both the plan and the Plan Administrator.

(7) Please state whether the funds for any potential benefits paid under this plan will be paid by the insurance company, by the employer, or by some other party.

(8) Please state the amount of monthly benefits Mr. Ragone will receive if a favorable determination is made.

(9) Identify each and every benefit of any kind, including without limitation, medical, dental, premium waiver, profit sharing, 401(k) and retirement contributions that plaintiff would be (or would have been) entitled to from plaintiff's employer and/or under the Plan, had plaintiff been entitled to benefits or further benefits under the Plan. To the extent that plaintiff is entitled to any such benefits, please attach copies of all relevant plan or contractual documents.

**PL. EXHIBIT 6**

(10)    A description pursuant to 29 C.F.R. 2560.503-1(g)(1)(iii) of any additional material or information necessary for Mr. Ragone to perfect his claim and an explanation of why such material or information is necessary.

(11)    A description whether an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination.

In addition to the above-requested documents and information, Mr. Ragone requests a fuller explanation of the reasons for denial. The denial letter does not adequately describe the specific reasons for denial as required by 29 C.F.R. 2560.503-1(f)(1). See, Cook v. New York Times Long Term Disability Plan, 2004 U.S. Dist. LEXIS 1259 (S.D.N.Y. Jan. 27, 2004). Most specifically, the denial letter does not adequately explain what specific objective evidence is missing; what specific opinion evidence is missing; what specific clinical evidence is missing; what specific evidence of disease or injury is missing. In order to assure that Mr. Ragone is provided with a full and fair review as required by ERISA 503, please specifically describe:

a.    The specific type of objective evidence (e.g., MRI, x-ray, laboratory results, etc.) that Mr. Ragone should provide in order to adequately support his appeal;

b.    The specific opinion evidence that Mr. Ragone should provide in order to adequately support his appeal;

c.    The specific clinical findings that Mr. Ragone should provide in order to adequately support his appeal;

d.    The specific type of evidence that Mr. Ragone must submit to adequately support his claims of disease or injury.

In other words, given Mr. Ragone's disability and the terms of the Plan, please tell Mr. Ragone what specifically he must submit in order to demonstrate total disability under the Plan.

You have an affirmative legal and fiduciary duty to provide the requested information. Pursuant to ERISA 502(c), 29 U.S.C. 1132(c), documents required to be disclosed under Title I of ERISA must be furnished within thirty (30) days after the request or the administrator can be held personally liable for a failure or refusal to comply with this regulation with a maximum penalty of $110 per day.

Once I receive the above-described documents and information, I will submit written comments, arguments and/or medical documentation on behalf of Mr. Ragone.

Please consider this letter as a preservation demand letter, asking you to preserve for potential litigation regarding this claim all "electronically stored information (ESI)" regarding this claim, my client, or the issues involved in the claim. This would include, but certainly not be limited to, information sent to others, information received from others, all internal emails or other electronic communications, and all emails or other electronic communications sent to or

received from external sources. This request applies to all ESI whether in your regular system, or in any backup system whether maintained by you or maintained by others.

        Please address all additional correspondence and inquiries to the undersigned.

        Sincerely yours,

        Scott M. Riemer

cc: Vincent A. Ragone
ENCLS:

**PL. EXHIBIT 6**