ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY   10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*



*Michael Bernstein*
michael.bernstein@sedgwicklaw.com

December 6, 2013

*Via ECF and E-mail*
Hon. Katherine P. Failla
United States District Court
40 Foley Square, Room 608
New York, New York 10007
Failla_NYSDChambers@nysd. uscourts.gov

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/09/2013
```

Re: *Ragone v. Aetna Life Insurance Company*
Civil Action No.: 13 CV 4604 (KPF)
File No.: 00322-008173

Dear Judge Failla:

This office represents Defendant Aetna Life Insurance Company in the above-referenced matter. We respectfully submit this letter requesting leave to file opposition to plaintiff's Motion Regarding the Appropriate Standard of Review, which was filed on December 4, 2013. (Doc. Nos. 17 – 19).

Pursuant to this Court's directive, the parties submitted a joint letter requesting leave to file their motions regarding the appropriate standard of review on November 1, 2013. Based on Rule 4 (A) of Judge Failla's Individual Rules of Practice in Civil Cases, the parties were required to describe in that letter the grounds for their respective motions. Aetna complied with this requirement by stating, in detail, the grounds for its motion, including citation to a portion of the relevant authority on which its position is based. However, plaintiff's counsel, who initiated this application, disregarded this requirement and did not sufficiently state the grounds for his motion. In fact, plaintiff's portion of the joint letter was vague and failed to even identify most of the grounds upon which his motion is based. For example, plaintiff made absolutely no mention of his substantial reliance on the Supreme Court's decision in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), in the joint pre-motion submission. Aetna maintains that *Amara* is not applicable to the standard of review issue. In addition, plaintiff's motion advances what appears to be an unsupported waiver argument regarding the documents he received from Aetna prior to litigation, which argument was not included in his portion of the joint letter. Although Aetna provided more detail to support its position in its motion, its portion of the joint letter put plaintiff on notice of the full basis for its arguments on the standard of review issue and thus, plaintiff was afforded the opportunity to respond. However, plaintiff's vague statement of his position in the parties' joint letter failed to comply with the spirit of this Court's Individual Rule 4(A). In fact, since there is absolutely no legal authority to support plaintiff's arguments and he did not reference them in his joint letter, it was impossible for Aetna to foresee these arguments and respond accordingly. Therefore, Aetna respectfully requests that this Court grant it leave to file opposition to plaintiff's Motion Regarding the Appropriate Standard of Review.

Hon. Katherine P. Failla
December 6, 2013
Page 2

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

Michael Bernstein
Sedgwick LLP

MHB


cc: *Plaintiff's Counsel of Record (Via ECF and Email)*

```
December 9, 2013
Application DENIED. The Court will request, by separate order, additional
briefing and/or oral argument if it determines that same is required.
```

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE